# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| ESPINOZA, ELSIE MARY CANDI ) | Case No. 10-11838-MER |
| SSN: XXX-XX-7205 ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee of ) | |
| Elsie Mary Candi Espinoza ) | |
| ) | |
| Plaintiff, ) | Adversary Proc. No. |
| ) | |
| vs. ) | |
| ) | |
| ACCOUNT BROKERS OF LARIMER ) | |
| COUNTY, INC. ) | |
| Defendant. ) | |

## COMPLAINT AGAINST ACCOUNT BROKERS OF LARIMER COUNTY, INC. TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO BANKRUPTCY CODE § 547 AND TO RECOVER SUCH TRANSFERS PURSUANT TO BANKRUPTCY CODE § 550

Joli A. Lofstedt, Trustee ("*Trustee*") of the bankruptcy estate of Elsie Mary Candi Espinoza ("*Debtor*"), and Plaintiff herein, hereby files her complaint (the "*Complaint*") against Defendant Account Brokers of Larimer County, Inc. ("*ABLC*"), stating the following:

## **JURISDICTION**

1. This Court has original jurisdiction of these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. Proceedings to determine, avoid or recover preferential transfers are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(F).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. Upon information and belief, ABLC is a debt adjustment and collection service located at 1417 S. College Ave., Fort Collins, CO 80524.

5. Upon information and belief, ABLC is a Colorado corporation service company registered in the state of Colorado.

## GENERAL ALLEGATIONS

6. Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 1, 2010 (the "*Petition Date*").

7. Thereafter, Joli A. Lofstedt was appointed Chapter 7 Trustee of the above estate and is the duly acting Chapter 7 Trustee.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant to Bankruptcy Code § 547)

8. The Trustee re-alleges paragraphs 1 through 7 of this Complaint and incorporates them as if fully set forth herein.

9. Upon information and belief, ABLC was assigned certain accounts on behalf of the creditors of the Debtor.

10. Upon information and belief, ABLC received $1,366.65 from Debtor through wage garnishments during the entire 90-day period immediately prior to the bankruptcy filing (the "*Transfers*").

11. The Transfers were transfers of the Debtor's property.

12. The Transfers were made to or for the benefit of ABLC.

13. The Transfers were made for or on account of an antecedent debt owed by the Debtor to ABLC before such Transfers were made.

14. The Transfers were made while the Debtor was insolvent.

15. The Transfers were made on or within ninety (90) days before the Petition Date.

16. The Transfers enabled ABLC to receive more than it would receive if (i) the case were a case under Chapter 7 of Title 11 of the United States Code; (ii) the Transfers had not been made; and (iii) ABLC received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

17. All or a portion of the Transfers are avoidable as preferential transfers pursuant to Bankruptcy Code § 547(b).

18. Trustee asserts that through discovery, it may become known that additional transfers were made by the Debtor to ABLC during the Preference Period. Trustee asserts that all or a portion of such additional payments are avoidable as preferential transfers under Bankruptcy Code § 547(b) and are included herein in the definition of "Transfers".

## SECOND CLAIM FOR RELIEF
(Recovery of Transfers Pursuant to Bankruptcy Code § 550)

19. The Trustee re-alleges paragraphs 1 through 18 of this Complaint and incorporates them as if fully set forth herein.

20. On information and belief, Trustee alleges that ABLC was the initial transferee of the Transfers.

21. On information and belief, Trustee alleges that ABLC is an entity for whose benefit such Transfers were made.

22. Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the value of the Transfers from ABLC.

23. Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the value of the Transfers from ABLC.

24. Trustee requests costs in addition to recovery of the Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a) declaring that the Transfers are avoidable and recoverable by the Trustee as preferential transfers pursuant to Bankruptcy Code §§ 547 and 550;

(b) awarding judgment in favor of Trustee and the bankruptcy estate and against ABLC (i) in the amount of $1,366.65; or (ii) for such other amounts as may become known through discovery and proven at trial; and (iii) for all costs and attorneys' fees as provided by law; and

(c) for such other and further relief as this Court deems just and proper.

Date:  June 3, 2010.

Respectfully submitted,

*/s/ Joli A. Lofstedt*
Joli A. Lofstedt, Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO 80027
Ph:  (303) 661-9292
Fx:  (303) 661-9555
joli@crlpc.com

3